# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KOURTNEY RHOADS<br>257 Union Street<br>Millersburg, PA 17061<br><br>                Plaintiff,<br><br>        v.<br><br>ALTHOM INC. d/b/a MAACO AUTO PAINTING<br>6498 Carlisle Pike<br>Mechanicsburg, PA 17055<br><br>        v.<br><br>ALAN BAILEY<br>c/o ALTHOM INC. d/b/a MAACO AUTO PAINTING<br>6498 Carlisle Pike<br>Mechanicsburg, PA 17055<br><br>        v.<br><br>DONNA BAILEY<br>c/o ALTHOM INC. d/b/a MAACO AUTO PAINTING<br>6498 Carlisle Pike<br>Mechanicsburg, PA 17055<br><br>        v.<br><br>SHAWN MOUL<br>c/o ALTHOM INC. d/b/a MAACO AUTO PAINTING<br>6498 Carlisle Pike<br>Mechanicsburg, PA 17055<br><br>                Defendants. | CIVIL ACTION NO:<br><br>**COMPLAINT WITH JURY DEMAND** |

## CIVIL ACTION COMPLAINT

Plaintiff Kourtney Rhodes (hereinafter "Plaintiff"), by and through undersigned counsel, hereby complains as follows against Defendant Althom Inc. d/b/a MAACO Auto Painting (hereinafter "Defendant Althom"), Defendant Alan Bailey (hereinafter "Defendant Alan"), Defendant Donna Bailey (hereinafter "Defendant Donna"), and Defendant Shawn Moul (hereinafter "Defendant Moul") (hereinafter collectively "Defendants").

## INTRODUCTION

Plaintiff has initiated this action to redress violations by Defendants of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA"), the Pennsylvania Human Relations Act ("PHRA"), and Pennsylvania Common Law.

Plaintiff began working for Defendants in the Spring of 2019. At the time of hire, Plaintiff informed Defendants that she suffered from anxiety and PTSD (her "disabilities"), and that she treated with a therapist about once a month. Plaintiff was able to schedule most of her appointments around her work schedule, but on the few occasions she could not, she provided Defendants with a note.

On August 8th and 9th, 2019, Manager Tod Clark sexually harassed and assaulted Plaintiff. Among other acts of misconduct, he touched her vagina while speaking to her in a sexual manner, and he texted her a picture of his penis. Plaintiff reported the harassment and assault, but Defendants did not care and took no remedial action. This caused Plaintiff's anxiety to escalate, resulting in her needing a brief medical leave of absence, which was approved. Around this time, Plaintiff's minor son was hospitalized due to renal failure, and she requested a leave of absence (about a week and half) to help care for her son, and to try to get her anxiety under control; this leave request was approved. On August 23rd, Plaintiff reached out to Defendant Moul to discuss

the status of her sexual assault and harassment complaints, but he refused to communicate to her. When she inquired further of another manager, he told her that he thought that Defendant Moul "believed [she] had quit." She then confronted Defendant Moul and made clear she had not quit but had been on approved leave. In response, he told her pick up her last check.

Defendants subjected Plaintiff to harassment on the basis of her sex and/or disability, and terminated her in retaliation for her complaints of sexual harassment and/or her need for leave to treat her disabilities and/or the disability of her minor child.

As a result of Defendants' unlawful actions, Plaintiff has and continues to suffer damages as set forth herein.

## JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, Title VII. This Court has jurisdiction over Plaintiff's state law claims because they are supplemental to Plaintiff's underlying federal claims and arise out of the same transaction or occurrences, having the same common nucleus of operative facts, pursuant to 28 U.S.C. § 1367(a).

2. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

3. Pursuant to 28 U.S.C. § 1391, venue is properly laid in this judicial district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

4. Plaintiff has exhausted all administrative remedies required as prerequisite to the filing of her instant Title VII, ADA, and PHRA claims.

**PARTIES**

5. The foregoing paragraphs are incorporated herein as if set forth in full.

6. Plaintiff is an adult individual, with an address as set forth in the caption.

7. Defendant Althom is a corporation which operates in the Commonwealth of Pennsylvania at the address set forth in the caption.

8. Defendant Moul is the general manager of Defendant Althom.

9. Defendant Alan is the President of Defendant Althom.

10. Defendant Donna is the Vice President of Defendant Althom.

11. At all times relevant herein, Defendants acted directly and by and through its agents, each of whom acted at all times relevant herein in the course and scope of their employment/engagement with Defendant.

**FACTUAL BACKGROUND**

12. The foregoing paragraphs are incorporated herein as if set forth in full.

13. In or around April 20, 2019, Defendant Althom hired Plaintiff as a Painter.

14. Throughout Plaintiff's employment with Defendants, Plaintiff was the only female employee at Defendants' facility.

15. At the beginning of her employment with Defendants, Plaintiff advised Defendants that Plaintiff was treating her disabilities with a doctor.

16. Plaintiff scheduled the majority of her treatments for her disabilities outside her work hours for Defendants, and when she could not, she sought and received permission in advance from Defendants.

17. On or about August 8, 2019, Defendants' manager Tod Clark ("Manager Clark") told Plaintiff, "You can do the Dodge then later you can do me," in response to Plaintiff's question about a painting assignment of an automobile.

18. Manager Clark further touched Plaintiff's legs and Plaintiff's vagina.

19. Plaintiff rebuffed Manager Clark's unwanted sexual advances and unwanted touching; she told him to stop and pushed him.

20. Plaintiff contacted Defendant Moul the same day and left a message saying that she needed to talk to Moul as soon as possible.

21. Defendant Moul did not respond to Plaintiff.

22. On August 9, 2019, Manager Clark sent Plaintiff a picture of his penis with the words, "Do you want it."

23. Plaintiff reported the unwanted sexually explicit text message to Defendants' facility manager, Tony Pratt ("Manager Pratt").

24. Plaintiff also reported to Manager Pratt the sexual harassment and sexual assault that occurred on August 8th.

25. Plaintiff called Defendant Moul at the end of the day to report Manager Clark's continued sexual harassment of her and was able to speak to Moul.

26. Plaintiff requested that, if Defendant Moul was not going to fire Manager Clark (which he should have), that he at least not schedule Plaintiff and Manager Clark to work together.

27. Defendant Moul assured Plaintiff that he would speak with Manager Clark.

28. Plaintiff was not scheduled to work on August 10th or August 11th.

29. On August 12th, because Defendant Moul had not yet contacted Plaintiff to update her on her request that Manager Clark be fired or at least that she no longer be scheduled to work

with him, and due to the anxiety Plaintiff was experiencing about same, Plaintiff called out of work.

30. On August 13th, Plaintiff was not scheduled to work due a doctor's appointment, for which Plaintiff had sought and obtained prior permission from Defendant.

31. On August 14th, when Plaintiff reported to work, to Plaintiff's surprise, Manager Clark was at Defendants' facility.

32. Plaintiff waited to speak with Defendant Moul for over two hours, but Defendant Moul did not show.

33. Plaintiff then sought and obtained permission from Manager Pratt to leave work, reporting that she was experiencing extreme anxiety due to Manager Clark's presence, despite the serious nature of her sexual harassment and sexual assault complaint against Manager Clark.

34. On August 15th, Plaintiff called out of work because her minor child was diagnosed with renal failure and admitted to the hospital.

35. Plaintiff's minor child was hospitalized for treatment for approximately two (2) weeks.

36. Plaintiff notified Manager Pratt of her need for leave due to same on August 15th.

37. On August 23rd, while Plaintiff was still out on leave, Plaintiff reached out to Defendant Moul to inquire whether Manager Clark was fired or was going to be fired.

38. Defendant Moul did not respond.

39. Plaintiff then reached out to Defendants' manager Ron (Last Name Known to Defendants) ("Manager Ron") to ask why Defendant Moul was ignoring her.

40. Manager Ron told Plaintiff that Defendant Moul believed Plaintiff had quit.

41. As Plaintiff had not quit, Plaintiff confronted Defendant Moul, reminding him that she was on a leave of absence due to the hospitalization of her minor child.

42. Plaintiff further complained that despite the serious nature of her sexual harassment and sexual assault complaint against Manager Clark, Defendants had not taken corrective steps to address her complaints.

43. In response, Defendant Moul directed Plaintiff to pick up her last paycheck.

44. As a result of the foregoing, Plaintiff has suffered damages.

## COUNT I
## Violations of Title VII
## (Sexual Harassment/ Hostile Work Environment)
## (Defendant Althom)

45. The foregoing paragraphs are incorporated herein as if set forth in full.

46. At all times relevant herein, Defendant Althom was and continued to be an "employer" within the meaning of Title VII.

47. At all times relevant herein, Plaintiff was employed by Defendant Althom as an "employee" within the meaning of Title VII.

48. Defendant Althom subjected Plaintiff to severe and pervasive sexual that was both offensive and unwelcome.

49. Defendant Althom failed to remedy the sexually hostile work environment after having notice that same was occurring in its workplace.

50. Any reasonable person would have felt that he or she was being subjected to sexual harassment and/or a sexually hostile work environment due to the unwanted sexual commentary and unwanted sexual conduct tolerated in Defendants' workplace, and by Defendants' conduct in failing to effectively remedy the sexual harassment and/or sexually hostile work environment after being put on notice of same.

51. As a result of Defendant Althom's unlawful actions, Plaintiff has and continues to suffer damages.

## COUNT II
## Violations of Title VII
## (Retaliation)
### (Defendant Althom)

52. The foregoing paragraphs are incorporated herein as if set forth in full.

53. Plaintiff's complaints regarding sexual harassment and/or sexual assault and/or sexually hostile work environment constitute protected activities within the meaning of Title VII.

54. Defendant Althom fired Plaintiff, at least in part, in retaliation for her protected complaints.

55. As a result of Defendant Althom's unlawful actions, Plaintiff has and continues to suffer damages.

## COUNT III
## Violations of Title VII
## (Constructive Discharge)
### (Defendant Althom)
*(Pleaded in the alternative)*

56. The foregoing paragraphs are incorporated herein as if set forth in full.

57. Defendant Althom's conduct and failure to remedy the sexual harassment against Plaintiff was so egregious and outrageous that Plaintiff had no choice but to stop working, thereby leading to her constructive discharge in violation of the law.

58. As a result of Defendant Althom's unlawful actions, Plaintiff has and continues to suffer damages.

## COUNT IV
## Violations of the ADA
## (Disability/Associated-Disability Discrimination)
### (Defendant Althom)

59. The foregoing paragraphs are incorporated herein as if set forth in full.

60. At all times relevant hereto, Defendant Althom was an "employer" within the meaning of the ADA.

61. At all times relevant hereto, Plaintiff was employed by Defendant as an "employee" within the meaning of the ADA.

62. Discrimination against an employee due to a disability constitutes disability discrimination under the ADA.

63. Discrimination against an employee due to their association with an individual with a disability constitutes disability association discrimination under the ADA.

64. The ADA prohibits employers, such as Defendant, from discriminating against an employee on the basis of a disability or an employee's association with an individual with a disability.

65. Defendant violated Plaintiff's rights under the ADA by discriminating against Plaintiff due to her disabilities.

66. Defendant violated Plaintiff's rights under the ADA by discriminating against Plaintiff due to her association with an individual with a disability (her minor child).

67. Specifically, allowing Plaintiff time-off to care for her severely sick minor child did not pose an undue burden on Defendant and was commensurate with other absences Defendant permitted other individuals to take.

68. Accordingly, Defendant's refusal to allow Plaintiff time-off to care for her severely sick minor child is evidence of animus and bias against Plaintiff due to her association with a disabled individual.

69. As a result of Defendant Althom's unlawful actions, Plaintiff has and continues to suffer damages.

## COUNT V
### Violations of the ADA
### (Retaliation)
### (Defendant Althom)

70. The foregoing paragraphs are incorporated herein as if set forth in full.

71. Requesting a reasonable accommodation for a disability is a protected activity under the ADA.

72. Plaintiff requested a reasonable accommodation in that she requested a leave of absence to treat her own disabilities and the disability of her minor child.

73. Defendant Althom fired Plaintiff, at least in part, for requesting and/or needing a leave of absence to treat her own disabilities and the disability of her minor child.

74. As a result of Defendant Althom's unlawful actions, Plaintiff has and continue to suffer damages.

## COUNT VI
### Violation of Pennsylvania Common Law
### (Intentional Infliction of Emotional Distress)
### (Direct liability)
### (Defendant Althom and Defendant Moul)

75. The foregoing paragraphs are incorporated herein as if set forth in full.

76. Defendant Althom's and Defendant Moul's actions in ignoring Plaintiff's complaints of sexual harassment and sexual assault, and their refusal to counsel and terminate the offending manager, and their insistence that Plaintiff continue to work with the offending manager without any effort to address or remedy the situation, constitutes extreme and outrageous conduct.

77. Plaintiff suffered severe emotional distress as a result of Defendants' actions.

78. Defendants' actions constitute tortious intentional infliction of emotional distress

under Pennsylvania common law.

## COUNT VII
### Violation of Pennsylvania Common Law
### (Intentional Infliction of Emotional Distress)
### (*Respondeat Superior*)
### (Defendant Althom)

79. The foregoing paragraphs are incorporated herein as if set forth in full.

80. Manager Clark's sexual assault and harassment of his subordinate, Plaintiff, and sending Plaintiff unsolicited pictures of his penis to her phone, constitute extreme and outrageous conduct.

81. Plaintiff suffered severe emotional distress as a result of said actions.

82. Manager Clark sexually assaulted and sexually harassed Plaintiff on Defendant Althom's premises and within the use and context of his supervisory authority over Plaintiff.

83. Defendant Althom is liable for the tortious intentional infliction of emotional distress committed by Manager Clark against Plaintiff because it employed Manager Clark as Plaintiff's manager, and it empowered Manager Clark to continue his harassment of her by not taking prompt remedial action.

## COUNT VIII
### Violations of Pennsylvania Common Law
### (Negligent Supervision)
### (Defendant Althom and Defendant Moul)

84. The foregoing paragraphs are incorporated herein as if set forth in full.

85. Defendant Althom and Defendant Moul failed to exercise ordinary care in preventing Manager Clark's intentional harassment and sexual assault against Plaintiff.

86. Defendants owed its employees and customers a workplace where they could be free from sexual assault at the hands of other employees and managers.

87. Manager Clark's intentional harassment and retaliation against Plaintiff occurred on Defendants' premises and could have been prevented with better supervision and policies.

88. Plaintiff has suffered damages as a result of Defendants' actions and/or lack of actions in supervising Manager Clark.

## COUNT IX
## Violations of Pennsylvania Common Law
## (Assault and Battery)
## (*Respondeat Superior*)
## (Defendant Althom)

89. The foregoing paragraphs are incorporated herein as if set forth in full.

90. Manager Clark's intentional sexual harassment and sexual assault against Plaintiff occurred on Defendants' premises and in the course of Manager Clark's supervision of Plaintiff.

91. Defendant is liable for Clark's tortious actions against Plaintiff because they occurred within the scope of Clark's employment.

92. Plaintiff has suffered damages as a result of Clark's actions.

## COUNT X
## Violations of Pennsylvania Common Law
## (Negligent Infliction of Emotional Distress)
## (Defendant Althom and Defendant Moul)

93. The foregoing paragraphs are incorporated herein as if set forth in full.

94. Defendant Althom owed its employees a duty to prevent its managers from sexually assaulting and sexually harassing them, and sending unsolicited pictures of their penis to them.

95. Defendants failed to prevent Manager Clark from sexually assaulting and sexually harassing Plaintiff, and sending an unsolicited picture of his penis to Plaintiff.

96. Manager Clark's actions caused Plaintiff to suffer severe emotional distress.

97. Defendant Althom has a duty to address sexual assaults and sexual harassment by managers against employees.

98. Defendant Althom failed to address Manager Clark's sexual assault and sexual harassment of Plaintiff and instead expected Plaintiff to simply continue working.

99. Defendant Moul had a duty as general manager with discretion over scheduling and discipline not to require Plaintiff to continue working with Manager Clark after she reported being sexually assaulted and sexually harassed by Manager Clark.

100. Defendant Moul's failure to take seriously Plaintiff's complaint or to investigate same was unreasonable, and caused Plaintiff to suffer severe emotional distress.

101. Plaintiff has suffered damages as a result of Defendants' negligent infliction of emotional distress.

**COUNT XI**
**Violations of PHRA**
**(Sexual Harassment and Hostile Work Environment)**
**(All Defendants)**

102. The foregoing paragraphs are incorporated herein as if set forth in full.

103. At all times relevant herein, Defendants are and continue to be an "employer" within the meaning of PHRA.

104. At all times relevant herein, Plaintiff was employed by Defendants as an "employee" within the meaning of PHRA.

105. Defendants subjected Plaintiff to severe and pervasive sexual harassment that was both offensive and unwelcome.

106. Defendants failed to remedy the sexually hostile work environment after having notice that same was occurring in its workplace.

107. Any reasonable person would have felt that he or she was being subjected to sexual harassment and/or a sexually hostile work environment due to the unwanted sexual commentary and unwanted sexual conduct tolerated in Defendants' workplace, and by Defendants' conduct in

failing to effectively remedy the sexual harassment and/or sexually hostile work environment after being put on notice of same.

108. Defendants Alan Bailey, Donna Bailey, and Shawn Moul aided and abetted the sexual harassment and hostile work environment and are therefore individually liable under the PHRA.

109. As a result of Defendants' unlawful actions, Plaintiff has and continues to suffer damages.

### COUNT XII
### Violations of PHRA
### (Retaliation)
### (All Defendants)

110. The foregoing paragraphs are incorporated herein as if set forth in full.

111. Defendants retaliated against Plaintiff for complaining about sexual harassment by terminating Plaintiff.

112. As a result of Defendants' unlawful retaliation, Plaintiff has and continues to suffer damages.

### COUNT XIII
### Violations of PHRA
### (Constructive Discharge)
### (All Defendants)
### *(Pleaded in the alternative)*

113. The foregoing paragraphs are incorporated herein as if set forth in full.

114. Defendant's failure to address or remedy Plaintiff's complaints of sexual harassment constituted a constructive termination of her employment.

115. As a result of Defendant's unlawful actions, Plaintiff has and continues to suffer damages.

### COUNT XIV

## Violations of PHRA
## (Disability Discrimination/Disability Association Discrimination)
### (All Defendants)

116.    The foregoing paragraphs are incorporated herein as if set forth in full.

117.    Defendants fired Plaintiff, at least in part, for requesting and/or needing a leave of absence to treat her disabilities and/or the disability of her minor child.

118.    As a result of Defendants' unlawful actions, Plaintiff has and continue to suffer damages.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.    Defendants are to be prohibited from maintaining its illegal policy, practice, or custom of discriminating against employees or prospective employees based on their disability, race, need for accommodation, and/or need for protected medical leave;

B.    Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to lost past earnings;

C.    Plaintiff is to be awarded liquidated and/or punitive damages in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D.    Plaintiff is to be awarded damages for emotional distress and/or pain and suffering and is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

E.    Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law; and

F.    Plaintiff's claims are to receive a trial by jury.

                                      Respectfully submitted,

                                      **SWARTZ SWIDLER, LLC**

                                      */s/ Richard S. Swartz, Esq.*
                                      Richard S. Swartz, Esq.
                                      Joshua S. Boyette, Esq.
                                      1101 North Kings Highway, Suite 402
                                      Cherry Hill, NJ 08034
                                      (856) 685-7420 – Phone
                                      (856) 685-7417 – Facsimile
                                      jboyette@swartz-legal.com
                                      *Attorneys for Plaintiff*

Dated: July 9, 2021